By the Court.
 

 The sole question here presented is whether the trial court was in error in directing a verdict for the defendant under the particular circumstances shown by the evidence adduced in this case.
 

 
 *537
 
 The plaintiffs contend that the group insurance was not a mere gratuity on the part of the defendant grocery company but was in reality a part of the terms of employment. However, the evidence discloses nothing to indicate that the defendant was not free to discontinue the arrangement at any time.
 

 The plaintiffs concede that, irrespective of whether the insurance was a mere gratuity, the defendant was not obligated to continue to pay the premiums on their father’s insurance after termination of his employment, but upon the theory of promissory estoppel they .insist that when the defendant thereafter voluntarily assumed and paid the premiums for a period of approximately one and one-half years it thereby imposed upon itself a duty to notify them or their father of any intention to discontinue such payment so that they or he might exercise the option or right conferred by the policy and the certificate.
 

 To this contention the defendant interposes a twofold defense. First, 'it is insisted that according to the evidence the employment of the plaintiffs’ father was not terminated until May 18, 1936, at which time his insurance concededly was discontinued and no promise made by the defendant. In taking this view of the evidence the defendant properly relies upon the decisive provision of the policy that “upon termination of employment as shown by the employer’s records, the insurance upon the life of any employee terminates automatically, unless continued under the individual conversion option. ’ ’
 

 In the second place, it is insisted that even if the date of termination be considered as September 8, 1934, the defendant nevertheless incurred no legal liability by the mere voluntary payment of premiums subsequently thereto. It is pointed out that neither the policy nor the certificate provides for notice of discontinuation of the insurance. This was known to both the father and the son who is one of the plaintiffs and
 
 *538
 
 who was also the defendant’s manager in charge of the store where his father was employed. The son likewise well knew that his father was aged, ill and unable to work and that the defendant continued to pay the insurance premiums as a mere kindness rather than as an obligation. Furthermore, the record discloses no evidence that on May 18, 1936, when the insurance was discontinued the father desired or was financially able to exercise his right of conversion or would have designated either of the plaintiffs as a beneficiary under a new policy. The plaintiffs complain bitterly of the defendant’s treatment of their father, but although considerable incompetent testimony was permitted to creep into the record, the trial court was clearly correct in holding that there was no evidence warranting submission of the ease to the jury.
 

 The judgment of the.Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Turner, Williams, Matthias and Hart, J J., concur.